IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDREA CERASOLI,                          Case No. 2:22-CV-889

   Plaintiff,                                **CIVIL COMPLAINT**

   vs.

MARMAXX OPERATING CORP.,

   Defendant.

## COMPLAINT IN CIVIL ACTION

AND NOW comes the Plaintiff, by and through her trial attorney, Erik M. Yurkovich, Esq., who files this Civil Complaint pursuant based upon the following.

### I. PARTIES

1. The Plaintiff is Andrea Cerasoli ("Cerasoli"), 2027 Golfway Dr., Aliquippa PA 15001

2. The Defendant is Marmaxx Operating Corp. ("Marmaxx") that has a corporate address of 770 Cochituate Rd.. Framingham, MA 01701.

3. The Defendant owns and operates a T.J. Maxx store locally, being Store# 637, located at 1600 Park Manor Blvd. Pittsburgh PA 15205.

### II. JURISDICTION

4. This case is brought pursuant to The Americans with The Age Discrimination in Employment Act of 1969, as amended, 29 U.S.C. § 621, et seq. ("ADEA").

### III. FACTS

5. Cerasoli is an adult female over the age of sixty-five (65).

6. Cerasoli began working for Respondent, Marmaxx Operating Corp. ("Respondent" and/or "Marmaxx") as a part-time "Sales Associate" in a Marshalls store in Monaca, Pennsylvania in 2018.

7. In May of 2019, Cerasoli began working full-time as a "Merchandise Coordinator" at Marshalls.

8. In April of 2021, Cerasoli saw a "Key Carrier Coordinator Full Time Robinson Township" position available online for a T.J. Maxx store in Pittsburgh (Store #637).

9. Respondent owns and operates both T.J. Maxx and Marshalls stores.

10. Cerasoli spoke with Assistant Store Manager of T.J. Maxx Store 637, Kate Denne ("Denne").

11. Denne hired Cerasoli as the new key carrier over the telephone.

12. Denne provided Cerasoli with a start date of April 25, 2021.

13. Cerasoli provided her 2-weeks' notice to Marshalls and worked her remaining 2 weeks there.

14. Cerasoli's communications with Denne leading up to her transfer were solely about the Key Carrier position and no other position.

15. On April 25, 2021, Cerasoli arrived at Store 637 and met store manager, Bob Thornton ("Thornton") and Denne who both confirmed Cerasoli was brought into the store to be the new Key Carrier Coordinator. Cerasoli specifically asked them, "This is for the Key Carrier position, correct?" She was told yes.

16. There were no conversations as to qualifications, future performance or the potential of being promoted.

17. Thornton left to go to another store shortly afterwards.

18. As time went on, Cerasoli was not provided keys.

19. In June of 2021, Cerasoli received a 3.5% raise, bringing her hourly wage to $12.05 per hour.

20. In August of 2021, substantially younger store coordinator, Vera Johns ("Johns") began working as the new key carrier, not Cerasoli.

21. Johns was under the age of 21 at the time.

22. Cerasoli asked store Manager, Leyland Meyers ("Meyers") why Johns was the new Key Carrier and not her.

23. Meyers stated it was "all about driving results" referring to getting customers to sign up for the store credit card.

24. Cerasoli informed Meyers, after checking the store records, that 1.57% of her transactions resulted in new credit card applications while Johns performance was .27% of transactions.

25. Meyers only responded that he was "glad" Cerasoli was "looking into this."

26. On September 18, 2021, Cerasoli told Meyers, "throw me a bone, give me a reason other than age discrimination to validate why I didn't get the Key Carrier position."

27. Meyers did not verbally respond.

28. Cerasoli complained to District Manager, Rob Helton ("Helton") and Meyers about "age discrimination" on September 28, 2021, when Helton was in the store.

29. Helton offered no explanation for why Cerasoli did not receive the promised position, but referenced "requirements" for the Key Carrier position.

30. Cerasoli had been told the only two (2) requirements for the position were: (1) drive results by securing TJX credit card applications and (2) hold the Customer Experience

Coordinator position for six (6) months. Cerasoli fulfilled both requirements and Johns did not.

31. Cerasoli responded that she, and not Johns, met all the requirements.

32. On October 7, 2021, Cerasoli called Human Resources and spoke to an unknown representative and complained about "discrimination."

33. Cerasoli was provided the number for H.R. Manager, Jodi Hufty ("Hufty") and was told she needed to speak with Amber Cotton ("Cotton"), H.R. Business Partner.

34. A call was scheduled for October 13, 2021, but Cerasoli received no call.

35. On October 21, 2021, Cerasoli complained to Cotton about "age discrimination."

36. Cotton told Cerasoli that she was never guaranteed the position, she was not provided the "talent identification" form and there were performance issues.

37. The offered reasons are pretexts for discrimination because Cerasoli was guaranteed the position several times, there were no performance issues and Johns was not provided the "talent identification" form until after she was promoted to Key Carrier Coordinator.

38. Cotton rejected Cerasoli's complaint and did not explain the Defendant's promotional process.

39. Cotton aggressively questioned Cerasoli and often cut her responses off.

40. Cotton ended the meeting by telling Cerasoli that any information she sent "would go straight to legal."

41. Cerasoli did not hear from the legal department.

42. Cerasoli had never received a performance review at TJMaxx.

43. Cerasoli had the experience as a Customer Experience Coordinator ("CEC") that Johns did not.

44. The right and just conclusion is that Cerasoli was denied the Key Carrier Coordinator position as a result of age discrimination and for no legitimate business reason.

## IV. CAUSES OF ACTION

## COUNT 1 - AGE DISCRIMINATION

(The Age Discrimination in Employment Act of 1969, 29 U.S.C. § 621, et seq.)

45. Cerasoli repeats all prior allegations herein.

46. Cerasoli is over the age of forty (40).

47. Cerasoli suffered an adverse employment action – a denied position.

48. Cerasoli was qualified for the position sought.

49. A substantially younger person with substantially less experience was not qualified for the position sought but was hired instead of Plaintiff.

WHEREFORE Plaintiff prays for a judgment against the Defendant in her favor and an award for all available relief, damages, costs, fees and attorney fees.

## JURY TRIAL DEMANDED

Respectfully submitted,

*/s/ Erik M. Yurkovich*

ERIK M. YURKOVICH, ESQ.
Attorney at Law
PA. I.D. No. 83432
207 Pine Creek Road
Building 1, Suite 201
Wexford, Pennsylvania 15090
T: 724.933.9199

Attorney for Andrea Cerasoli